Maldonado v Liberty El. Corp. (2023 NY Slip Op 00816)

Maldonado v Liberty El. Corp.

2023 NY Slip Op 00816

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 152395/17 595773/17 595370/18 595300/20 Appeal No. 17334 Case No. 2021-03160 

[*1]Lucy Maldonado et al., Plaintiffs-Appellants,
v
Liberty Elevator Corporation et al., Defendants-Respondents, Liberty Elevator of NY, Defendant.
[And Third-Party Actions]
Liberty Elevator Corporation, Third-Third-Party Plaintiff- Respondent,
v
ESRT 10 Union Square L.L.C. Third-Third-Party Defendant- Respondent.

Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellants.
Gottlieb Siegel & Schwartz LLP, New York (Desiree L. Berger of counsel), for respondent.

Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about July 27, 2021, which, to the extent appealed from, granted defendant Liberty Elevator Corporation's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established prima facie that it owed no duty to plaintiffs by demonstrating that it did not launch a force or instrument of harm (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). The testimony of its employees that the malfunctioning of the freight elevator was caused by a misalignment of the elevator doors due to the knocking of shopping carts, pallet jacks and U-boat carts into the doors by supermarket employees established that it did not create or exacerbate the dangerous condition that resulted in the accident (see id. at 141-142; Baez v 1749 Grand Concourse LLC, 178 AD3d 520, 523 [1st Dept 2019]).
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs' expert, who did not inspect the elevator, opined that defendant inadequately inspected or repaired the elevator during prior maintenance work. However, such would at most constitute a failure to be an instrument for good, not the creation or exacerbation of a hazardous condition (see Church v Callanan Indus., 99 NY2d 104, 112 [2002]; Medinas v MILT Holdings LLC, 131 AD3d 121, 126 [1st Dept 2015]).
The doctrine of res ipsa loquitur is inapplicable to this case. Defendants established that the elevator doors were not within its exclusive control and that it was the actions of the supermarket employees that caused the elevator to malfunction.
Plaintiffs failed to rebut this showing in opposition (see Ebanks v New York City Tr. Auth., 70 NY2d 621, 623 [1987]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023